**EXHIBIT 8**

Robert Lindsey Duzey, Bar #179908
LAW OFFICES OF ROBERT LINDSEY DUZEY, APC
1439 West Chapman Avenue, Suite 350
Orange, California 92868
Tel. 714.744.2700
Fax. 714.744.2705

Attorneys for Plaintiff, ROBIN MEREDITH

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 26 2009

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| ROBIN MEREDITH, Plaintiff | CASE NO.: BC410598 |
| VS. | COMPLAINT FOR DAMAGES |
| LINK AMERICA, INC., a corporation, WRIGHT MEDICAL TECHNOLOGY, INC., a corporation, EXACTECH, INC., a corporation, WALDEMAR LINK GmbH & CO., KG, d/b/a LINKBIO CORP., a corporation, ZIMMER, INC., a corporation ZIMMER HOLDINGS, INC., a corporation, DOES 1-100, inclusive. | (1) STRICT PRODUCTS LIABILITY FOR MANUFACTURE AND DESIGN DEFECT; (2) STRICT PRODUCTS LIABILITY FOR FAILURE TO WARN; (3) NEGLIGENCE; (4) BREACH OF EXPRESS WARRANTY; (5) BREACH OF IMPLIED WARRANTY; (6) NEGLIGENT MISREPRESENTATION; |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

CIT/CASE: BC410598 LEA/DEF#:
RECEIPT #: CBH430695093
DATE PAID: 03/26/09 03:57:42 PM
PAYMENT: $350.00
RECEIVED

CHECK: 350.00
CASH:
CHANGE:
CARD:

03137:02
0310

**COMPLAINT**

**Exhibit 8 page 45**

COMES NOW Plaintiff Robin Meredith and alleges as follows:

1.    This is a civil action against Defendants, Link America, Inc., Wright Medical Technology, Inc., Exactech, Inc., Waldemar Link GmbH & Co. KG, d/b/a LinkBio Corp., Zimmer, Inc., Zimmer Holdings, Inc. and Does 1-100, for negligence; strict products liability; breach of express and implied warranties; misrepresentation, and the negligent and/or defective design, manufacture and sale of their hip replacement/implant products as more fully described herein.

## JURISDICTION

2.    This Court has jurisdiction over this action pursuant to C.C.P. § 410.10.

## VENUE

3.    Venue is proper within this county because the acts, conduct and events alleged herein occurred in the State of California, County of Los Angeles.

## PARTIES

4.    Plaintiff, Robin Meredith (hereinafter known as "Plaintiff") is a citizen of the United States and resident of the City of Long Beach, Los Angeles County, and State of California.

5..   Defendant, Link America, Inc. (hereinafter known as "Link") is a corporation organized and existing under the laws of New Jersey, with its principle place of business located at 300 Roundhill Drive, Rockaway, New Jersey 07866-1227. At all relevant times, Link is thought to be responsible for the design, inspection, manufacture, distribution, supplying, testing, warranting, labeling, packaging and repackaging, marketing, promoting, advertising, quality control, sale, sterilization of the component parts and/or orthopedic device and/or orthopedic products, including reconstructive implants used in hip replacement surgery and the product in question.

Jurisdiction and venue are proper over this defendant since they deliberately and purposefully made their products available for consumption in California by residents of California and the acts complained of herein took place in the County of Los Angeles, State of California.

6.    Defendant, Wright Medical Technology, Inc. (hereinafter known as

2

COMPLAINT

Exhibit 8 page 46

"Wright") is a corporation organized and existing under the laws of Delaware, with its principle place of business located at 5677 Airline Road, Arlington, Tennessee 38002. At all relevant times, Wright was authorized to do business and is doing business in and maintaining agents and agencies in the State of California and its registered agent, CSC-Lawyers Incorporating Service, may be served herein at 2730 Gateway Oaks Drive, Suite 100, Sacramento, Sacramento County, California 95833. At all relevant times, Wright is thought to be responsible for the design, inspection, manufacture, distribution, supplying, testing, warranting, labeling, packaging and repackaging, marketing, promoting, advertising, quality control, sale, sterilization of the component parts and/or orthopedic device and/or orthopedic products, including reconstructive implants used in hip replacement surgery and the product in question.

7.    Defendant, Exactech, Inc. (hereinafter known as "Exactech") is a corporation organized and existing under the laws of Florida, with its principle place of business located at 2320 NW 66th Court, Gainsville, Florida 32653. At all relevant times, Exactech was authorized to do business and is doing business in and maintaining agents and agencies in the State of California and its registered agent, CorpDirect Agents, Inc., may be served herein at 523 W. 6th Street, Suite 544, Los Angles, Los Angeles County, California 90014. At all relevant times, Exactech is thought to be responsible for the design, inspection, manufacture, distribution, supplying, testing, warranting, labeling, packaging and repackaging, marketing, promoting, advertising, quality control, sale, sterilization of the component parts and/or orthopedic device and/or orthopedic products, including reconstructive implants used in hip replacement surgery and the product in question.

8.    Defendant, Waldemar Link GmbH & Co. KG, d/b/a LinkBio Corp. (hereinafter known as "LinkBio") is a corporation organized and existing under the laws of Delaware, with its principle place of business located at 300 Roundhill Drive, Rockaway, New Jersey 07866. At all relevant times, LinkBio is thought to be responsible for the design, inspection, manufacture, distribution, supplying, testing, warranting, labeling, packaging and repackaging, marketing, promoting, advertising, quality control,

<center>3</center>

Exhibit 8 page 47

sale, sterilization of the component parts and/or orthopedic device and/or orthopedic products, including reconstructive implants used in hip replacement surgery and the product in question.

Jurisdiction and venue are proper over this defendant since they deliberately and purposefully made their products available for consumption in California by residents of California and the acts complained of herein took place in the County of Los Angeles, State of California.

9.     Defendant, Zimmer, Inc. (hereinafter known as "Zimmer") is a corporation organized and existing under the laws of Delaware, with its principle place of business located at 345 E. Main Street, Warsaw, Indiana 46580.  At all relevant times, Zimmer is thought to be responsible for the design, inspection, manufacture, distribution, supplying, testing, warranting, labeling, packaging and repackaging, marketing, promoting, advertising, quality control, sale, sterilization of the component parts and/or orthopedic device and/or orthopedic products, including reconstructive implants used in hip replacement surgery and the product in question.

Jurisdiction and venue are proper over this defendant since the deliberately and purposefully made their products available for consumption in California by residents of California and the acts complained of herein took place in the County of Los Angeles, State of California.

10.     Defendant, Zimmer Holdings, Inc. (hereinafter known as "Zimmer Holdings") is a corporation organized and existing under the laws of Delaware, with its principle place of business located at 345 E. Main Street, Warsaw, Indiana 46580.  At all relevant times, Zimmer Holdings is thought to be responsible for the design, inspection, manufacture, distribution, supplying, testing, warranting, labeling, packaging and repackaging, marketing, promoting, advertising, quality control, sale, sterilization of the component parts and/or orthopedic device and/or orthopedic products, including reconstructive implants used in hip replacement surgery and the product in question.

Jurisdiction and venue are proper over this defendant since they deliberately and purposefully made their products available for consumption in California by residents of

4

COMPLAINT

Exhibit 8 page 48

California and the acts complained of herein took place in the County of Los Angeles, State of California.

11.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 - 100, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believe and thereon alleges that each of the individually and fictitiously named Defendants, and each of them, were negligently, carelessly and tortiously responsible in some manner for the events and occurrence herein alleged so as to legally cause the injuries and damages to Plaintiff as more particularly set forth herein.

12.     Plaintiff is informed and believe and thereon alleges that at all times mentioned herein each of the individually and fictitiously named Defendants, and each of them, were the agents, servants, representatives and employees of each other and of all other Defendants, and were at all times herein mentioned acting within the course, scope, authority and purpose of said agency/employment.  Furthermore, Plaintiff is informed and believe and thereon allege that all acts and omissions as herein alleged were authorized, ratified, approved and consented to by all of the individually and fictitiously named Defendants herein.

13.     Whenever Plaintiff refers to any act, deed or conduct of Defendants," said references mean the Defendants, Link, Wright, Exactech, LinkBio, Zimmer, Zimmer Holdings and Does 1-100, engaged in the acts, deeds or conduct by and through one or more of its officers, directors, agents, employees or representatives who were actively engaged in the management, direction, control or transaction of Link, Wright, Exactech, LinkBio, Zimmer, Zimmer Holdings and Does 1-100's ordinary business affairs.

14.     Plaintiff is informed and believe and thereon alleges that at all times relevant hereto each of the Defendants, including without limitation the Doe Defendants, was the agent, affiliate, officer, director, manager, principal, alter-ego and/or employee of the other Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or

5

subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.  On or about March 9, 2001, Plaintiff, Robin Meredith, was admitted to Harbor - UCLA Medical Center for surgery of left total hip replacement and implantation, involving components and parts which were designed, inspected, manufactured, distributed, tested, warranted, labeled, repackaged, subjected to quality control and sold by Defendants, Link, Wright, Exactech, LinkBio, Zimmer and Zimmer Holdings.

16.  On or about April 4th, 2007, plaintiff suffered a fall.  Based on this fall Plaintiff went to the emergency room of Pacific Hospital on or about April 6, 2007

17.  Prior to this fall Plaintiff had not had any problems with the hip implant.

18.  The attending physician advised her that the problem was with her knee.

19.  Plaintiff continued to seek care from multiple medical providers as she continued to experience pain.  She was continually advised that the problem was with her knee

20.  On or about December 17, 2007, Plaintiff, Robin Meredith, learned and discovered the femoral stem was broken on her left hip prosthesis.  Prior to that date, Plaintiff did not know or have reason to know that said implantable orthopedic hardware was defective.

21.  On or about January 23, 2008, Plaintiff, Robin Meredith, was admitted to Cedars-Sinai Medical Center for surgery to remove and substitute the left total hip replacement and implantation.

22.  After the surgery, Plaintiff had persistent, severe continuing problems with the left hip including dislocation, infection and pain.

23.  On or about January 5, 2009, Plaintiff, Robin Meredith, was admitted to Cedars-Sinai Medical Center for surgery to remove left total hip replacement implant due

6

to infection.

24.     Plaintiff continues to suffer severe pain, inflammation and immobility in the hip and pelvic area, which radiates to other parts of the body.

25.     As a direct, producing and proximate result, Plaintiff, Robin Meredith, has suffered in the past and will suffer in the future from the following: permanently damaged left hip and pelvic area with attendant injuries including pain, a limp, imbalance and inability to walk properly; limitations to life activities and functions; wage loss; emotional injuries, including loss of capacity to enjoy life; suffering; anguish, disfigurement; embarrassment; humiliation; costs of medical treatment and care; partial and total disability; and other damages in amounts to be proven at trial.

## FIRST CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY - DEFECT

#### (Against All Defendants)

26.     The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     At all times mentioned, the Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, distributing, developing, processing, testing, endorsing, inspecting, marketing, promoting and advertising the hip implants and components and parts described herein for ultimate sale to Plaintiff.

28.     The Defendants' implants were defective at the time of their design, manufacture, distribution and sale to Plaintiff. Defendants' implants were sold in a defective condition, unreasonably dangerous and unfit for the use in that they caused permanent injury and pain to the left hip and to other areas of the body of Plaintiff.

29.     The Defendants' implants were expected to and did reach Plaintiff in the ordinary course of business without substantial change in their condition as designed, manufactured and sold by the Defendants. Said hip replacement and implants were in the same condition at the time when these products were placed in Plaintiff as when these hip replacement and implants left the control of Defendants. Said implants were used for the purpose and in the manner intended by Defendants.

7

**COMPLAINT**

Exhibit 8 page 51

30.     The Defendants' implants failed to meet the reasonable expectations of Plaintiff when used in an intended and foreseeable manner.

31.     As a direct and proximate result of the use of the implants, Plaintiff was caused to suffer substantial injury; harm and damages complained of and listed above in amounts to be proven at trial

32.     Plaintiff was not aware of, and reasonably could not have discovered the defects of said implants prior to their implantation in Plaintiff', Robin Meredith's, body.

33.     Defendants are strictly liable to Plaintiff for harm, damages and injury complained of herein by reason of having sold and placed into the stream of commerce defective implants which were unreasonably dangerous to consumers in their defective condition in that,

(a)     they were manufactured with materials which were insufficient and/or improper;

(b)     they were defective in that they were inadequately tested to simulate the intended, expected and foreseeable uses and forces and environment to which they would be subjected to in the normal course of their use;

(c)     they and their component parts were defective in that inadequate warnings of the defects and/or instructions as to how to cure said defects were not given to users of the implants; and

(d)     they and their component parts were defective in that any and all routine and scheduled inspection and/or reconditioning and/or remedial repairs were inadequately, insufficiently and/or untimely provided.

## SECOND CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY - FAILURE TO WARN
(Against All Defendants)

34.     The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35.     The Defendants were aware or should have been aware of the dangerous

8

COMPLAINT

Exhibit 8 page 52

propensities of their hip replacement and implants as described herein.

36.   Despite this knowledge, the Defendants continued to design, inspect, manufacture, distribute, process, reprocess, sterilize, test, warrant, label, package and repackage, perform quality control and sell their hip replacement and implants as described herein.

37.   Defendants failed to warn of these dangers and permanent injuries, and represented that the implants were fit for use, merchantable and reasonably safe for its intended purpose.

38.   Those representations were knowingly false in that the Defendants were aware or should have been aware of the dangers and permanent injuries, such as those which occurred to Plaintiff.

39.   The Defendants knew and intended that Plaintiff rely on the foregoing misrepresentations.

40.   As a direct and proximate result of the reliance by Plaintiff on the Defendants' misrepresentations, Plaintiff has suffered and will continue to suffer, various damages and permanent injuries, such as those detailed previously and listed in this Complaint that will be proven at the time of trial.

### THIRD CAUSE OF ACTION
NEGLIGENCE
(Against All Defendants)

41.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42.   The Defendants had a duty to properly manufacture, design, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, repair and adequately warn of the risks and dangers in the use and performance of the product and its component parts and its labeling and instructions.

43.   The Defendants negligently, carelessly, recklessly, and unlawfully manufactured, designed, produced, processed, assembled, inspected, distributed, marketed, promoted and sold the aforementioned products, failed to adequately test,

9

Exhibit 8 page 53

inspect and warn of the risks and dangers in the use and performance of the product, its component parts and its labeling and instructions, and failed to warn Plaintiffs and the general public of the increased risk of harm and injury from the foreseeable use or misuse of the product, its component parts and its labeling and instructions.

44.     Additionally, the injuries and the conditions suffered by the Plaintiff were caused solely by the carelessness, negligence and breach of duties and obligations of the Defendants, which consisted of the following:

(a)     failing to provide adequate warnings to the medical community regarding the risks of the implants;

(b)     failing to reveal their knowledge of test results and research studies, all of which were known to Defendants, and which revealed that the dangers of the implants were far greater in scope and severity than represented by the Defendants;

(c)     failing to properly research and adequately test the implants prior to placing it on the market, and through the course of its marketing and distribution;

(d)     failing to review and disseminate, and otherwise notify the medical community of pertinent pieces of medical literature;

(e)     failing to report adverse complications and side effects regarding the implants to the proper authorities and agencies, and to comply with any other reporting requirements;

(f)     failing to utilize proper quality control procedures; and

(g)     failing to properly design, inspect, manufacture, distribute, test, label, package and repackage, and perform proper quality control.

45.     As a direct and proximate result of Defendants' negligence as set forth above, Plaintiff sustained the injuries and damages listed herein the value of which shall be proven at the time of trial.

COMPLAINT

Exhibit 8 page 54

## FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

#### (Against All Defendants)

46.    The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47.    The Defendants expressly warranted that the implants constituting an assistive device that was used in the Plaintiff's care and treatment were merchantable, fit and safe for human introduction, effective for its intended use, pass in the trade without objection based upon their description and not otherwise injurious.

48.    The Defendants were aware that Plaintiff was relying on Defendants' skill and judgment to develop, market, sell and place in the stream of commerce, adequately contained, packaged and labeled implants which were safe and effective, and conformed to the promises or affirmations of fact made on the container or label.  However, said implants were not safe and effective.

49.    The Defendants breached their express warranty that said implants to Plaintiffs in that said product was not fit for the ordinary purpose described above, despite Defendants knowledge of the particular purpose for which they were to be used by consumers of such products.

50.    As a direct and proximate result of the Defendants' breach of the express warranty relied upon by Plaintiffs caused injuries and damages as listed herein, the amounts of which will be proven at trial.

## FIFTH CAUSE OF ACTION
### FOR BREACH OF IMPLIED WARRANTY
#### (Against all Defendants)

51.    The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52.    The Defendants impliedly warranted that the implants constituting an assistive device that was used in the Plaintiff's care and treatment were merchantable, fit

11

COMPLAINT

Exhibit 8 page 55

and safe for human introduction, effective for its intended use, pass in the trade without objection based upon their description and not otherwise injurious.

53.    The Defendants were aware that Plaintiff was relying on Defendants' skill and judgment to develop, market, sell and place in the stream of commerce, adequately contained, packaged and labeled implants which were safe and effective, and conformed to the promises or affirmations of fact made on the container or label.  However, said implants were not safe and effective.

54.    The Defendants breached the implied warranty of merchantability and fitness of said implants to Plaintiff in that said product was not fit for the ordinary purpose described above, despite Defendants knowledge of the particular purpose for which they were to be used by consumers of such products.

55.    As a direct and proximate result of the Defendants' breach of implied warranties of merchantability and fitness relied upon by Plaintiff caused injuries and damages as listed herein, the amounts of which will be proven at trial.

## SIXTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

### (Against All Defendants)

56.    The Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

57.    Defendants, Link, Wright, Exactech, LinkBio, Zimmer and Zimmer Holdings were engaged in the business of selling the hip implants and components and parts described herein.  Defendants made representations of material facts concerning the character and quality of the products.  Defendants had a duty to ensure that these representations were accurate. Defendants negligently breached this duty because in fact these representations were not true. Plaintiff and/or her physicians relied on Defendants' representations in purchasing and/or using the product.  As a direct and proximate cause of Defendants' misrepresentations and the reliance thereon by Plaintiff and/or her physicians, Plaintiff suffered and will continue to suffer injuries and damages as alleged herein in amounts to be proven at the time of trial.

12

COMPLAINT

Exhibit 8 page 56

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages to be proven at trial;

2.    For general damages to be proven at trial;

3.    For special damages to be proven at trial;

4.    For medical and related expenses to be proven at trial;

5.    For economic losses to be proven at trial;

6.    For statutory interest provided by law;

7.    For the costs of this action;

8.    For attorneys' fees as prescribed by law;

9.    For prejudgment interest as prescribed by law; and

10.    For other and further relief as the Court deems just and proper.

Dated: March 25, 2009    LAW OFFICES OF ROBERT LINDSEY DUZEY, APC

By: _____
       ROBERT LINDSEY DUZEY
       Attorneys for Plaintiff,
       ROBIN MEREDITH.

13

COMPLAINT

Exhibit 8 page 57

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Robert Lindsey Duzey, SBN 179908 <br> Law Offices of Robert Lindsey Duzey, APC <br> 1439 West Chapman Avenue, Suite 350, Orange, California 92868 <br><br> TELEPHONE NO.: 714.744.2700   FAX NO.: <br> ATTORNEY FOR *(Name):* Plaintiff, Robin Meredith | FOR COURT USE ONLY <br><br> **FILED** <br> **LOS ANGELES SUPERIOR COURT** <br><br> MAR 26 2009 <br><br> JOHN A. CLARKE, CLERK <br> BY MARY GARCIA, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NUMBER: BC 410596

**CASE NAME:**
Meredith v. Link America

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount demanded exceeds $25,000) | ☐ Limited <br> (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☑ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/25/09

Robert Duzey
(TYPE OR PRINT NAME)                                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br><br> American LegalNet, Inc. <br> www.FormsWorkflow.com |

**Exhibit 8 page 58**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**Exhibit 8 page 59**

BC410598

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Meredith v. Link America | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 14   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice – Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

Exhibit 8 page 60

| SHORT TITLE: Meredith v. Link America | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit 8 page 61**

| SHORT TITLE: Meredith v. Link America | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

**Exhibit 8 page 62**

| SHORT TITLE: Meredith v. Link America | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>□1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS: 111 N. Hill St. | |
|---|---|---|
| CITY: Los Angeles | STATE: CA. | ZIP CODE: 90012 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Central__ courthouse in the __Central__ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __03/26/2009__

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

**Exhibit 8 page 63**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Link America, Inc., a corporation, Wright Medical Technology, Inc., a
corporation, Exactech, Inc., a corporation, WaldemarLink GmbH & Co.,
KG. d/b/a Linkbio Corp., a corporation, Zimmer, Inc., a corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Robin Meredith

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Los Angeles Superior Court

APR 02 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número de Caso): BC410598 |
| Superior Court of Los Angeles County 111 N. Hill St. Los Angeles, CA. 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Robert Lindsey Duzey 1439 W. Chapman Ave., Ste. 350, Orange, CA. 92868 (714) 744-2700

DATE: APR 02 2009                                        , by _____ , Deputy
(Fecha)                                         (Secretario)      S. WESLEY        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**Exhibit 8 page 64**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Meredith v. Link America et al. | BC410598 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Zimmer Holdings, Inc., a corporation , DOES 1-100, inclusive

Page ____ of ____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 8 page 65

NOTICE SENT TO:

Duzey, Robert Lindsey, Esq.
Law Offices of Robert Lindsey Duzey
1439 West Chapman Ave., Ste. 350
Orange                    CA  92868

# FILED
LOS ANGELES SUPERIOR COURT

MAY 07 2009

JOHN A. CLARKE, CLERK

BY E. MORENO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ROBIN MEREDITH | | **CASE NUMBER** |
| | Plaintiff(s), | BC410598 |
| VS. | | |
| LINK AMERICA INC ET AL | | **NOTICE OF CASE** |
| | Defendant(s). | **MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for July 24, 2009  at  8:30 am  in  Dept. 74  at 111 N. Hill Street, Los Angeles, California  90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: May 7, 2009

_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: May 7, 2009

John A. Clarke, Executive Officer/Clerk

by _____ , Deputy Clerk
       E. MORENO

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**Exhibit 8 page 66**



Robert Lindsey Duzey, Bar #179908
LAW OFFICES OF ROBERT LINDSEY DUZEY, APC
1   1439 West Chapman Avenue, Suite 350
    Orange, California 92868
2   Tel. 714.744.2700
    Fax. 714.744.2705
3

4   Attorneys for Plaintiff, ROBIN MEREDITH

5

6

**FILED**
Los Angeles Superior Court

MAY 07 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAURYA WESLEY

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9                     CENTRAL JUDICIAL DISTRICT

10

11   ROBIN MEREDITH, Plaintiff

12   VS.
                                        CASE NO.: BC389936   D-54

13                                      NOTICE OF ASSOCIATION OF COUNSEL

14   LINK AMERICA, INC., a corporation,
     WRIGHT MEDICAL TECHNOLOGY, INC.,
15   a corporation, EXACTECH, INC., a
     corporation, WALDEMAR LINK GmbH & CO.,
16   KG, d/b/a LINKBIO CORP., a
     corporation, ZIMMER, INC., a corporation
17   ZIMMER HOLDINGS, INC.,
     a corporation, DOES 1-100, inclusive.
18

19

20              Defendants.

21

22

23

24

25

26

27   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THE COURT
28   HEREIN:

Notice of Association of Counsel

**Exhibit 8 page 67**

*PLEASE TAKE NOTICE that Plaintiff associates counsel in this matter as follows

1

David J. Lederer
2   LEDERER & NOJIMA, LLP
12400 Wilshire Boulevard, Suite 820
3   Los Angeles, California 90025
T: 310.312.1860
4   F. 310.477.3481

5                              LAW OFFICES OF ROBERT LINDSEY DUZEY, APC

6

7

8   Dated: May 6, 2009        By: _____
                                   ROBERT LINDSEY DUZEY
9                                  Attorneys for Plaintiff,
                                   SPECIALIZED CONTRACTORS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

Exhibit 8 page 68

| | |
|---|---|
| 1 | Robert Lindsey Duzey, Bar #179908<br>LAW OFFICES OF ROBERT LINDSEY DUZEY, APC |
| 2 | 1439 West Chapman Avenue, Suite 350<br>Orange, California 92868 |
| 3 | Tel.  714.744.2700<br>Fax. 714.744.2705 |
| 4 | David J. Lederer |
| 5 | LEDERER & NOJIMA, LLP<br>12400 Wilshire Boulevard, Suite 820 |
| 6 | Los Angeles, California 90025<br>Tel. 310.312.1860 |
| 7 | Fax. 310.477.3481 |
| 8 | Attorneys for Plaintiff, ROBIN MEREDITH |

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 20 2009

JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

9

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 FOR THE COUNTY OF LOS ANGELES

13                   CENTRAL JUDICIAL DISTRICT

14                                          D -74

15

16   ROBIN MEREDITH, Plaintiff          CASE NO.:  BC410598

17   VS.                                PROOF OF SERVICE

18   LINK AMERICA, INC., a corporation,
19   WRIGHT MEDICAL TECHNOLOGY, INC.,
     a corporation, EXACTECH, INC., a
20   corporation, WALDEMAR LINK GmbH & CO.,
     KG, d/b/a LINKBIO CORP., a
21   corporation, ZIMMER, INC., a corporation
22   ZIMMER HOLDINGS, INC.,
     a corporation, DOES 1-100, inclusive.
23

24

25                   Defendants.

26

27

28

Attached hereto is a true and correct copy of the proof of service on Defendant,

EXACTECH, INC., A CORPORATION.

Dated: May 19, 2009        LAW OFFICES OF ROBERT LINDSEY DUZEY, APC

By: _____
        ROBERT LINDSEY DUZEY
        Attorneys for Plaintiff,
        ROBIN MEREDITH.



2

Proof of Service

Exhibit 8 page 70

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
ROBERT LINDSEY DUZEY
1439 W. CHAPMAN AVE. 350 ORANGE, CA 92868-0800
TELEPHONE NO.: (714) 744-2705   FAX NO. (Optional): (714) 744-2705
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012-3107
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: **MEREDITH**
DEFENDANT/RESPONDENT: **LINK AMENCO**

CASE NUMBER:
**BC410598**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
**NONE GIVEN**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* **Summons on First Amended Complaint & First Amended Complaint; Civil Case Cover Sheet; Notice of Assignment; Notice of Case Management Conference**

3. a. Party served *(specify name of party as shown on documents served):*
   **EXACTECH, INC., A CORPORATION**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship of party named in item 3a):*
   **RICHARD ARTHUR, AUTHORIZED TO ACCEPT**

4. Address where the party was served: **523 W. 6TH STREET STE 544 LOS ANGELES, CA 90014**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 05/12/2009  (2) at *(time):* 03:20 pm

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*      or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/OCP001790

Exhibit 8 page 71

| PETITIONER: **MEREDITH** | CASE NUMBER: |
|---|---|
| RESPONDENT: **LINK AMENCO** | BC410598 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):               (2) from (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☒ On behalf of (specify): **EXACTECH, INC., A CORPORATION**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
  a. Name: **David Young - Janney & Janney**
  b. Address: **1545 Wilshire Blvd., Suite 311  Los Angeles, CA 90017**
  c. Telephone number: **(213) 628-6338**
  d. The fee for service was: $ **50.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner   ☒ employee     ☐ independent contractor.
      (ii) Registration No.: **6029**
      (iii) County: **Los Angeles**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **05/13/2009**

**Janney & Janney**
**1545 Wilshire Blvd., Suite 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

    **David Young**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ▶   (SIGNATURE)

**Exhibit 8 page 72**

1 | Robert Lindsey Duzey, Bar #179908
LAW OFFICES OF ROBERT LINDSEY DUZEY, APC
2 | 1439 West Chapman Avenue, Suite 350
Orange, California 92868
3 | Tel. 714.744.2700
Fax. 714.744.2705

4 | David J. Lederer
LEDERER & NOJIMA, LLP
5 | 12400 Wilshire Boulevard, Suite 820
Los Angeles, California 90025
6 | Tel. 310.312.1860
Fax. 310.477.3481

7

8 | Attorneys for Plaintiff, ROBIN MEREDITH

9

10

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF LOS ANGELES

13 | CENTRAL JUDICIAL DISTRICT

14

15 |

16 | ROBIN MEREDITH, Plaintiff          CASE NO.: BC410598  D-74

17 | VS.                               PROOF OF SERVICE

18 | LINK AMERICA, INC., a corporation,
WRIGHT MEDICAL TECHNOLOGY, INC.,
19 | a corporation, EXACTECH, INC., a
corporation, WALDEMAR LINK GmbH & CO.,
20 | KG, d/b/a LINKBIO CORP., a
corporation, ZIMMER, INC., a corporation
21 | ZIMMER HOLDINGS, INC.,
a corporation, DOES 1-100, inclusive.
22

23

24 |         Defendants.

25

26

27

28

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 0 2 2009

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
    GLORIETTA ROBINSON

Attached hereto is a true and correct copy of the proof of service on Defendant,

WRIGHT MEDICAL TECHNOLOGY, INC., A CORPORATION.

Dated: June 1, 2009

LAW OFFICES OF ROBERT LINDSEY DUZEY, APC

By: _____
ROBERT LINDSEY DUZEY
Attorneys for Plaintiff,
ROBIN MEREDITH.

2

Proof of Service

**Exhibit 8 page 74**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ROBERT LINDSEY DUZEY
1439 W. CHAPMAN AVE. 350 ORANGE, CA 92868-0000
TELEPHONE NO: (714) 744-2700          FAX NO.(Optional):   (714) 744-2705
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012-3107
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: MEREDITH

DEFENDANT/RESPONDENT: LINK AMERICA

CASE NUMBER:
BC410598

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
NONE GIVEN

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☐ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* First Amended Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet
      Addendum & Statement of Location; Notice of Case Assignment; Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
      WRIGHT MEDICAL TECHNOLOGY, INC., A CORPORATION

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
          item 5b on whom substituted service was made) *(specify name and relationship of person named in item 3a):*
          BECKY DEGEORGE, AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served: 2730 GATEWAY OAKS DRIVE STE 100
      SACRAMENTO, CA 95833

5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date):* 05/15/2009   (2) at *(time):* 11:47 am

   b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or
          in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
             person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
             abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed him or
             her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
             place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
             *(date):* from *(city):*                                or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Page 1 of 2
Code of Civil Procedure, § 417.10
POS010-1/OCP001799

Exhibit 8 page 75

PETITIONER: **MEREDITH**

RESPONDENT: **LINK AMERICA**

CASE NUMBER:
**BC410598**

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                                    (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ by other means *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* **WRIGHT MEDICAL TECHNOLOGY, INC., A CORPORATION**
      under the following Code of Civil Procedure section:

   ☒ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)

   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)
   ☐ other:

7. Person who served papers
   a. Name: **Serina Martineau - Janney and Janney Attorney Service, Inc.**
   b. Address: **1545 Wilshire Blvd., Ste. 311 Los Angeles, CA 90017**
   c. Telephone number: **(213) 628-6338**
   d. The fee for service was: $ **60.00**
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ registered California process server:
       (i) ☐ owner   ☒ employee   ☐ independent contractor.
       (ii) Registration No.: **02-03**
       (iii) County: **Nevada**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **05/21/2009**

**Janney and Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Ste. 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____
**Serina Martineau**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Serina Martineau*
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

**Exhibit 8 page 76**

1  BRIAN J. MOONEY  (SBN: 143795)
   EDWARD R. FITZGERALD (SBN: 227218)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile: (415) 986-8054

5  Attorneys for Defendant
   WRIGHT MEDICAL TECHNOLOGY, INC.

6

7

8          SUPERIOR COURT OF CALIFORNIA – COUNTY OF LOS ANGELES

9                         CENTRAL JUDICIAL DISTRICT

10

11  ROBIN MEREDITH,                    )   CASE NO.  BC410598
                                       )
12                     Plaintiff,      )   **DEFENDANT WRIGHT MEDICAL**
                                       )   **TECHNOLOGY, INC.'S ANSWER TO**
13          vs.                        )   **FIRST AMENDED COMPLAINT FOR**
                                       )   **DAMAGES**
14  LINK AMERICA, INC.; WRIGHT MEDICAL )
    TECHNOLOGY, INC.; EXACTECH, INC.;  )
15  WALDERMAR LINK GmbH & CO., KG d/b/a )
    LINKBIO CORP.; ZIMMER, INC.; ZIMMER )
16  HOLDINGS, INC.; and DOES 1 through 100, )
    inclusive,                         )
17                                     )
                                       )
18                     Defendants.     )
                                       )
19

20          COMES NOW Defendant WRIGHT MEDICAL TECHNOLOGY, INC. ("Defendant"),

21  and answers Plaintiff ROBIN MEREDITH'S ("Plaintiff") First Amended Complaint for

22  Damages as follows:

23          Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant denies

24  each and every allegation of said unverified First Amended Complaint for Damages, the whole

25  thereof, and each and every cause of action therein, and further denies that Plaintiff has sustained

26  or is entitled to recover damages in the sum alleged, or in any sum whatsoever.

27          Further answering the unverified First Amended Complaint for Damages on file herein,

28  Defendant denies that Plaintiff has sustained any injury, damage, or loss by reason of any act or

                                        -1-
            DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER
              TO FIRST AMENDED COMPLAINT FOR DAMAGES

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 10 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
       SHAUNYA WESLEY

Exhibit 8 page 77

1   omission on the part of Defendant, or any agents, servants or employees of Defendant.

2   **AFFIRMATIVE DEFENSES**

3   FIRST AFFIRMATIVE DEFENSE

4   (Failure to State a Cause of Action)

5   Defendant alleges that each and every purported cause of action of Plaintiff's unverified

6   First Amended Complaint for Damages on file herein fails to allege facts sufficient to constitute

7   a cause of action against Defendant.

8   SECOND AFFIRMATIVE DEFENSE

9   (Assumption of Risk)

10   Defendant is informed and believes and, upon that ground, alleges that Plaintiff

11   knowingly and voluntarily assumed any and all risks associated with the matters alleged in the

12   First Amended Complaint for Damages. Pursuant to the doctrines of primary and secondary

13   assumption of the risk or informed consent, this conduct bars, in whole or in part, the damages

14   that Plaintiff seeks to recover herein.

15   THIRD AFFIRMATIVE DEFENSE

16   (Conduct of Third Parties)

17   Defendant is informed and believes and, upon that ground, alleges that Plaintiff's alleged

18   injuries and damages, if any, were caused, in whole or in part, by the acts or omissions of third

19   parties over whom Defendant had no authority or control.

20   FOURTH AFFIRMATIVE DEFENSE

21   (Comparative Fault)

22   Defendant is informed and believes and, upon that ground, alleges that at all times

23   mentioned in the unverified First Amended Complaint for Damages on file herein, the Plaintiff

24   was negligent, careless, and reckless, and conducted herself so as to substantially contribute to

25   her alleged injuries and damages, if any. Such negligence bars, in whole or in part, the damages,

26   if any, which Plaintiff seeks to recover herein.

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-
DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER
TO FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 8 page 78

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant is informed and believes and, upon that ground, alleges that each purported cause of action of Plaintiff's unverified First Amended Complaint for Damages is barred by reason of Plaintiff's failure to mitigate her alleged damages or losses.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Laws/Preemption)

The conduct of Defendant and the subject device at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations. Accordingly, Plaintiff's claims, predicated on state tort law and alleging the subject product to be unsafe, are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

## SEVENTH AFFIRMATIVE DEFENSE

### (State of the Art)

All activities of Defendant alleged in the unverified First Amended Complaint for Damages conformed to all state and federal statutes, regulations, and industry standards and were proper based upon the state of knowledge existing at the relevant time alleged in the unverified First Amended Complaint for Damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Benefits Outweighed the Risks)

When the subject device was designed, manufactured, and distributed, it conformed to the state of the art, was reasonably safe, and the benefits exceeded any associated risks.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant is informed and believes and, upon that ground, alleges that each purported cause of action in Plaintiff's unverified First Amended Complaint for Damages on file herein is barred by the applicable statutes of limitation including, but not limited to, the provisions of Code of Civil Procedure section 335.1.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TENTH AFFIRMATIVE DEFENSE

(Equitable Defenses – Laches, Waiver, Good Faith, Unclean Hands, Estoppel)

Defendant is informed and believes and, upon that ground, alleges that each purported cause of action of Plaintiff's unverified First Amended Complaint for Damages is barred by the equitable doctrines of laches, waiver, good faith, unclean hands, and estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

(Proximate Cause - Pre-existing/Subsequent Conditions)

Defendant is informed and believes and, upon that ground, alleges that Plaintiff's alleged injuries and damages, if any, were the result of pre-existing or subsequent conditions which are unrelated to the subject device.

### TWELFTH AFFIRMATIVE DEFENSE

(Proximate Cause - Superseding/Intervening Cause)

Each purported cause of action of Plaintiff's unverified First Amended Complaint for Damages is barred because the injuries and damages allegedly sustained by Plaintiff, if any, were the result of an independent, unforeseeable, superseding, or intervening cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Proximate Cause - Unforeseeable Cause)

Each purported cause of action of Plaintiff's unverified First Amended Complaint for Damages is barred because any injuries and damages allegedly sustained by Plaintiff were caused by an idiosyncratic reaction to the subject device which was not reasonably foreseeable.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Offset for Settlement)

Defendant is entitled to an offset of any prejudgment monies received by Plaintiff from any settling defendant pursuant to Code of Civil Procedure Section 877, subdivision (a).

### FIFTEENTH AFFIRMATIVE DEFENSE

(Improperly Joined Defendants)

The claims against Defendant have been improperly joined with claims against multiple defendants and should be severed from this action.

-4-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     SIXTEENTH AFFIRMATIVE DEFENSE

2           (Failure to Join)

3       Defendant alleges that Plaintiff is barred to the extent she failed to join, in a timely

4 fashion, any and all necessary and indispensable parties.

5     SEVENTEETH AFFIRMATIVE DEFENSE

6       (Violation of First Amendment Rights)

7       Defendant alleges that Plaintiff impermissibly seeks to impose liability on conduct

8 protected from liability by the First Amendment to the United States Constitution and by Section

9 2 of Article I of the Constitution of the State of California.

10     EIGHTEENTH AFFIRMATIVE DEFENSE

11    (Learned Intermediary/Sophisticated User Doctrine)

12       Defendant has no duty to warn patients or the general public of any risk, contraindication,

13 or adverse effect associated with the use of a prescription medical product.  Rather, the law

14 requires that all such warnings and appropriate information be given to the prescribing physician

15 and the medical profession, which act as "learned intermediary" in determining the use of the

16 product.  To the extent that Plaintiff asserts that Defendant failed to provide adequate warnings

17 regarding the use of the product at issue, any obligation to warn was discharged by Defendant's

18 providing an adequate warning to Plaintiff's treating and prescribing physician(s).  Plaintiff's

19 claims are also barred by the Sophisticated User Doctrine or similar applicable laws.

20     NINETEENTH AFFIRMATIVE DEFENSE

21      (Allocation of Non-Economic Damages)

22       If Plaintiff sustained any of the injuries, losses, and damages set forth in the First

23 Amended Complaint for Damages, then such injuries, losses, and damages were directly and

24 proximately caused by the acts or omissions of Plaintiff and/or third parties over whose conduct

25 this answering Defendant had no control and no right to control, for whose conduct the

26 Defendant is not responsible, and with whom the Defendant has no legal relation.  Defendant

27 therefore requests that the Fair Responsibility Act of 1986, commonly known as Proposition 51,

28 be given full force and effect pursuant to the California Civil Code, Section 1431, subsections

Exhibit 8 page 81

1431.1 through 1431.5. Specifically, it is asserted by Defendant that in the event a judgment is rendered against it and in favor of Plaintiff, Defendant can be held responsible, if at all, for only that proportion of "non-economic" damages for which Defendant is found liable by jury determination; that the rule of joint and several liability not apply under such circumstances. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Private Right of Action)

Plaintiff's claims are barred, in whole or in part, by the deference that the common law gives to discretionary action by the Food and Drug Administration under the Food, Drug, and Cosmetic Act, and Defendant further alleges that there is no private right of action for Plaintiff's claims under the Food, Drug and Cosmetic Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Plead with Particularity)

Defendant alleges that, while denying any alleged misrepresentations, Plaintiff's claims are barred as a result of failure to plead with particularity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Establish Proximate Cause)

Defendant alleges that, while denying any alleged misrepresentations, Plaintiff's claims are barred as a result of failure of Plaintiff's treating and prescribing physicians to rely on any alleged misrepresentations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Establish Reliance on Warranty)

Defendant alleges that Plaintiff did not rely on any alleged express or implied warranty.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Disclaimer of Warranty)

Defendant alleges that any alleged warranty was disclaimed.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-6-

DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER
TO FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 8 page 82

1

2

3

4

5

6

7

8

9

10

11

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Notify regarding Breach of Warranty)

Defendant alleges that Plaintiff failed to notify it of any alleged breach of warranty, if any there were, within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

Defendant alleges that Plaintiff's warranty claims are barred by a lack of privity between Plaintiff and Defendant, and Plaintiff's failure to provide the requisite and/or timely notice to Defendant of any claimed breach of warranty.

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and thus reserves the right to amend this list to assert such other defenses to which they may be entitled.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her unverified First Amended Complaint for Damages on file herein; for its costs of suit incurred herein; and for such other relief as the Court deems proper.

Dated:  June 10, 2009                     GORDON & REES, LLP

By: _Edward R. Fitzgerald_
Brian J. Mooney
Edward R. Fitzgerald
Attorneys for Defendant WRIGHT
MEDICAL TECHNOLOGY, INC.

-7-

DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER
TO FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 8 page 83

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Embarcadero Center West, 275 Battery Street, Suite 2000, San Francisco, CA 94111. On **June 10, 2009**, I served the within documents:

**DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*Attorneys for Plaintiff*

Robert Lindsey Duzey
Law Offices of Robert Lindsey Duzey, APC
1439 West Chapman Avenue, Suite 350
Orange, CA 92868
Tel:   714.744.2700
Fax:   714.744.2705

*Attorneys for Zimmer Defendants*

Andrea Roberts
Adrienne Franco Busby
Baker & Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel:   317.237.1119
Fax:   317.237.8484

*Attorneys for Zimmer Defendants*

Eric Buhr
Reed Smith, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel:   213.457.8000
Fax:   213.457-8080

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 10, 2009 at San Francisco, California.

_Jeanine M. Chavin_
Jeanine M. Chavin

-8-
DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.'S ANSWER
TO FIRST AMENDED COMPLAINT FOR DAMAGES

WSFT/1057570/6736553v.1

**Exhibit 8 page 84**

1  Anthony G. Brazil, Esq. (SBN 84297)
   Diana Kotler, Esq. (SBN 217235)
2  MORRIS POLICH & PURDY LLP
   1055 West Seventh Street, 24th Floor
3  Los Angeles, California 90017
   Telephone:     (213) 891-9100
4  Facsimile:     (213) 488-1178

5  Attorneys for Defendant,
   EXACTECH, INC.

6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 1 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. El LaFLEUR-CLAYTON

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  ROBIN MEREDITH,                        Case No.:    BC 410598
                                           Complaint Filed: May 6, 2009
12              Plaintiff,
                                           Assigned to Hon. Teresa Sanchez-Gordon
13  v.                                     Dept. 74

14  LINK AMERICA, INC., a corporation,
    WRIGHT MEDICAL TECHNOLOGY, INC.,
15  a corporation, EXACTECH, INC., a       EXACTECH, INC.'S ANSWER TO
    corporation,  WALDEMAR LINK GmbH &     UNVERIFIED FIRST AMENDED
16  CO., KG, d/b/a LINKBIO CORP., a         COMPLAINT
    corporation, ZIMMER, INC., a corporation,
17  ZIMMER HOLDINGS, INC., a corporation,
    DOES 1-100, inclusive,
18
                Defendants.
19

20

21          COMES NOW Defendant EXACTECH, INC. (hereinafter referred to as "Exactech" or

22  "Defendant") and hereby answers Plaintiff ROBIN MEREDITH's (hereinafter referred to as

23  "Plaintiff") Unverified First Amended Complaint (hereinafter referred to as "Complaint") as follows:

24                               GENERAL DENIAL

25          Pursuant to California Code of Civil Procedure section 431.30, Exactech generally and

26  specifically denies each and every allegation, and each and every cause of action in the Complaint, and

27  further denies that Plaintiff has been damaged in the manner or sums alleged, or any lesser sums, or at

28  all.

L0176034                                  -1-
       EXACTECH, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT
Exhibit 8 page 85

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint and all causes of action asserted against Defendant therein fail to state facts sufficient to constitute a cause of action as to this Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     The Complaint fails to allege ultimate facts sufficient to state a cause of action predicated upon strict products liability (failure to warn, design defect and/or manufacturing defect) or negligence.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff failed to exercise ordinary care on his own behalf for his own safety.  That negligence caused the injury and damage, if any, that he sustained.  Consequently, Plaintiff's recovery should be diminished by his proportional share of fault.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff failed to mitigate any damage that he may have sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent any aggravation of any injury, and failed to take reasonable precautions to reduce any injury and damage.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant denies that Plaintiff suffered injuries or incurred any damages, or that any defendant is liable.  If Plaintiff did suffer any injuries or incur any damages, any injuries or damages were caused, in whole or in part, by the acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control.  If there is any negligence or liability by any defendant, it is the sole and exclusive negligence and liability of others and not this answering Defendant.  If Defendant were to be held responsible, it should be indemnified.

## SIXTH AFFIRMATIVE DEFENSE

6.     The alleged damages, injuries or losses, if any, of Plaintiff were not proximately caused by any alleged act, omission or breach of duty by Defendant but were caused in whole or in part by the

L0176034                                                     -2-

1 │ acts or omissions of Plaintiff and/or others so that the principles of contributory negligence,
2 │ comparative fault and/or assumption of the risk apply.

3 │ <center>SEVENTH AFFIRMATIVE DEFENSE</center>

4 │     7.    To the extent that Plaintiff's claims are based on a theory providing for liability without
5 │ proof of causation, the claims violate Defendant's rights under the United States Constitution and
6 │ analogous provisions of the California Constitution.

7 │ <center>EIGHTH AFFIRMATIVE DEFENSE</center>

8 │     8.    If any of the other parties are negligent, legally responsible or otherwise at fault for the
9 │ damages alleged in the Complaints, and if there is a finding of any liability in favor of Plaintiff or
10 │ settlement or judgment against Defendant, Defendant requests that the Court or Jury make an
11 │ apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co.* and *American*
12 │ *Motorcycle Association v. Superior Court*, or any substantially equivalent law applicable in the
13 │ Plaintiffs' state or country of residence.  Defendant further requests a judgment and declaration of
14 │ partial indemnification and contribution against all other parties or persons in accordance with the
15 │ apportionment of fault under all applicable laws.

16 │ <center>NINTH AFFIRMATIVE DEFENSE</center>

17 │     9.    Defendant is entitled to set-off, should any damages be awarded against it, in the amount
18 │ of damages or settlement amounts recovered by Plaintiff, or any state entity acting on behalf of
19 │ Plaintiff, with respect to the same alleged injuries.  Defendant is also entitled to have any damages that
20 │ may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff, or any state
21 │ entity acting on behalf of Plaintiff, from any collateral source.

22 │ <center>TENTH AFFIRMATIVE DEFENSE</center>

23 │     10.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff, or any state
24 │ entity acting on behalf of Plaintiff, has released, settled, entered into an accord and satisfaction or
25 │ otherwise compromised Plaintiff's claims and/or on the grounds that Defendant has discharged its
26 │ obligations to Plaintiff.

27 │

28 │ / / /

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2        11.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has brought an

3  action(s) and has received a judgment(s) on parts of some or all of the claims asserted herein.

4

**TWELFTH AFFIRMATIVE DEFENSE**

5        12.    At all times, Defendant's acts or omissions were privileged, justified, fair and

6  undertaken in the good faith exercise of a valid business purpose.

7

**THIRTEENTH AFFIRMATIVE DEFENSE**

8        13.    The claimed injuries and/or damages of Plaintiff are so remote, speculative or

9  contingent that Plaintiff's claims must be barred on public policy grounds.

10

**FOURTEENTH AFFIRMATIVE DEFENSE**

11       14.    Plaintiff's claims are barred in whole or in part because Plaintiff lacks capacity or

12  standing to bring such claims.

13

**FIFTEENTH AFFIRMATIVE DEFENSE**

14       15.    Plaintiff's claims are barred in whole or in part because the Complaint fails to join

15  necessary and indispensable parties.

16

**SIXTEENTH AFFIRMATIVE DEFENSE**

17       16.    Plaintiff's claims for negligence and strict liability are barred by the economic loss

18  doctrine to the extent that Plaintiff seeks only economic damages.

19

**SEVENTEENTH AFFIRMATIVE DEFENSE**

20       17.    Plaintiff's claims of non-economic damages are subject to Civil Code section 1431.2,

21  which is applicable to the Complaint and each cause of action therein.

22

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23       18.    Plaintiff did not justifiably rely, in any fashion whatsoever, on any statement,

24  representation, advice or conduct of Defendant, and did not act based upon any statement,

25  representation, advice or conduct to their detriment.

26

**NINETEENTH AFFIRMATIVE DEFENSE**

27       19.    Defendant breached no alleged duty of care owed to Plaintiff and Plaintiff's alleged

28  injuries were not proximately caused by acts or omissions of Defendant.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2       20.     Plaintiff has failed to preserve evidence and as a result of such spoliation, Defendant has

3   been prejudiced and Plaintiff's claims should be barred.

4

## TWENTY-FIRST AFFIRMATIVE DEFENSE

5       21.     Plaintiff's causes of action are time-barred pursuant to the applicable statute of

6   limitations and/or statutes of repose, including but not limited to Code of Civil Procedure sections

7   335.1, 337, 338 and former 340(d), Business & Professions Code section 17208, Civil Code 1783 and

8   Commercial Code section 2725, or any substantially equivalent laws or statutes applicable in the

9   Plaintiff's state or country of residence.

10

## TWENTY-SECOND AFFIRMATIVE DEFENSE

11      22.     Defendant alleges that Plaintiff is barred from alleging the matters set forth in the

12  Complaint because Plaintiff has inexcusably and unreasonably delayed the commencement of the

13  action, to the prejudice of Defendant.

14

## TWENTY-THIRD AFFIRMATIVE DEFENSE

15      23.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any

16  cognizable or compensable injuries or damages.

17

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

18      24.     Plaintiff's claims are or may be barred, in whole or in part, based on principles of

19  equity.

20

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

21      25.     Plaintiff's claims are barred in whole or in part by the doctrines of accord and

22  satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial

23  estoppel, equitable estoppel, unclean hands, laches and/or statutory and regulatory compliance.

24

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

25      26.     Federal law preempts Plaintiff's claims.  As such, Plaintiff's claims are barred in whole

26  or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over

27  the subject medical device under applicable federal laws, regulations and rules.  Plaintiff has asserted

28  claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal

L0176034

-5-

Exhibit 8 page 89

1 | laws, regulations and policies relating to the development and marketing of products, in violation of the

2 | Supremacy Clause, Article VI of the Constitution of the United States.

3 | **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

4 | 27.    Plaintiff's claims are barred in whole or in part because there is no private right of

5 | action concerning matters regulated by the Food and Drug Administration under applicable federal

6 | laws, regulations and rules.

7 | **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

8 | 28.    At all times, any product designed, manufactured and/or distributed by Defendant was

9 | designed, manufactured and/or distributed in compliance with all applicable federal, state and local

10 | laws and regulations, and rules promulgated and enforced by the Food and Drug Administration.  The

11 | product was subject to and received clearance from the Food and Drug Administration.  Compliance

12 | with such laws, regulations and rules demonstrates that due care and reasonable prudence were

13 | exercised in the design, manufacture and distribution of the subject medical device and that said

14 | product was not defective in any way.

15 | **TWENTY-NINTH AFFIRMATIVE DEFENSE**

16 | 29.    The alleged injuries of Plaintiff were the direct and proximate result of an idiosyncratic

17 | reaction which was not reasonably foreseeable; and/or was not the result of any conduct or negligence

18 | on the part of Defendant; and/or was not the result of any defect in any product sold by Defendant;

19 | therefore, this Defendant cannot be held liable to Plaintiff as a matter of law.

20 | **THIRTIETH AFFIRMATIVE DEFENSE**

21 | 30.    Defendant alleges that at all relevant times during which the alleged product was

22 | designed, manufactured, inspected, packaged, labeled and sold, it was in full compliance and

23 | conformity with applicable industry and governmental standards and was reasonably safe and

24 | reasonably fit for its intended use, and was accompanied by proper warnings, information and

25 | instructions, all pursuant to generally recognized prevailing industry standards and the "state of the art"

26 | in existence at the time of such design, manufacture, inspection, packaging, labeling and sale, and

27 | therefore, the product was not defective or unreasonably dangerous.

28 | ///

L0176034

-6-

**EXACTECH, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT**

Exhibit 8 page 90

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Defendant asserts that it has complied with all applicable state and federal laws relating to the sale and/or distribution of medical devices.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    The Complaint and all causes of action therein are barred due to the lack of privity, or a "transaction," between Plaintiff and Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    To the extent that Plaintiff alleges a failure to warn by Defendant, Plaintiff's claims are barred because there is no evidence that he would have heeded a different warning.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    The learned intermediary doctrine bars Plaintiff's recovery of any damages.  Any duty to warn Plaintiff of the risks and hazards associated with the product was discharged by providing adequate warning to physicians.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    The product was not used in the manner in which it was intended to be used.  The product was used in a manner that was abnormal and not reasonably foreseeable by Defendant.  Such misuse of the product proximately caused or contributed to the alleged damages, injuries and losses, if any, of Plaintiff.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    The alleged injuries or illnesses of Plaintiff preexisted or were suffered after the alleged use of the product, and such alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's injuries, if any, were caused or contributed to by a failure to follow the directions and precautions provided for the product.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39.     Defendant denies that any product manufactured by it caused or contributed to the alleged injuries of Plaintiff, and Defendant further denies that it is liable to Plaintiff for the claims alleged or for any other claims whatsoever.

**FORTIETH AFFIRMATIVE DEFENSE**

40.     Plaintiff's claims are barred because the utility of the subject product outweighed its risk.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41.     Defendant asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; (2) the alleged danger of any such design characteristics.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

42.     At the times and places set forth in the Complaint, Plaintiff had full knowledge of the risks and possible adverse effects pertaining to use of the product, as well as the risks relative to the subject product, and part or all of the injuries, damages and/or losses, if any, sustained by Plaintiff arose from and were caused by such risks, of which Plaintiff was aware and that were voluntarily accepted and assumed by Plaintiff, and for that reason Plaintiff's recovery, if any, should be diminished, reduced, offset or barred by Plaintiff's assumption of the risks and/or informed consent.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

43.     After the product left the possession and control of Defendant, if in fact any product was ever in the possession or control of Defendant, the product was redesigned, modified, altered or subjected to treatment that substantially changed its character without Defendant's knowledge.  Any alleged defect resulted, if at all, from the redesign, modification, alteration, treatment or other change of the product after Defendant relinquished possession of and control over any such product and not from any act or omission of Defendant.

///

L0176034

-8-

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44.    The product at issue in this litigation is not defective or unreasonably dangerous because it is a medical device bearing adequate warnings, and is subject to the comment j exception to strict liability as set forth in § 402A of the Restatement (Second) of Torts (1965).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    Plaintiff's claims are barred, in whole or in part, by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, Defendant's right to promote and advertise its products.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.    Plaintiff's counsel is not entitled to recover its fees and/or costs by contract or for any cause of action alleged in the Complaints.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.    The damages sustained by Plaintiff, if any, were the result of an unavoidable accident insofar as Defendants are concerned and occurred without any negligence, want of care, default, or other breach of duty to Plaintiff by this Defendant.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.    Plaintiff's Complaint is barred because of lack of privity between Plaintiff and Defendant.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.    Defendant had no duty of care toward Plaintiff and therefore, Defendants are not liable for any alleged injuries by Plaintiff.

## FIFTIETH AFFIRMATIVE DEFENSE

50.    Defendant met its duty, if any, to disclose the facts which plaintiff alleges form the basis of his misrepresentation claims.  Further, there was no reliance by plaintiff upon any information that plaintiff claims was misrepresented.

///
///

1    **FIFTY-FIRST AFFIRMATIVE DEFENSE**

2        51.    To the extent that Plaintiff is alleging misrepresentation or similar conduct, Plaintiff has

3    failed to state a valid claim and has failed to comply with the requirements set forth under Civil Code §

4    1710.   Further, Plaintiff did not rely on any material information which Plaintiff alleges was

5    misrepresented by Defendant.

6    **FIFTY-SECOND AFFIRMATIVE DEFENSE**

7        52.    Defendants had no duty to disclose the facts which Plaintiff alleges were

8    misrepresented, and which form the basis of his misrepresentation and/or failure to warn claims;

9    moreover, Plaintiff did not rely on any information which Plaintiff claims Defendants misrepresented.

10   **FIFTY-THIRD AFFIRMATIVE DEFENSE**

11       53.    Defendant expressly disclaimed any alleged implied warranty by using language that in

12   common understanding called to Plaintiff's attention the exclusion of warranties and made plain that

13   there was no implied warranty.

14   **FIFTY-FOURTH AFFIRMATIVE DEFENSE**

15       54.    Plaintiff did not give Defendant notice of a breach of warranty within a reasonable time

16   after he knew or should have known that the product was not fit for its intended purpose.

17   **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

18       55.    Defendant adopts and incorporates by reference any affirmative defenses asserted by

19   any other defendant to this action to the extent such affirmative defenses apply to Defendant.

20   Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon any other

21   defenses that may become legally available hereafter or become apparent during discovery;

22   accordingly, Defendant reserves the right to amend this Answer by adding defenses to conform to such

23   information.

24

25   ///

26   ///

27   ///

28   ///

**EXACTECH, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT**

Exhibit 8 page 94

1    WHEREFORE, Defendant prays for relief as follows:

2    1.    That Plaintiff take nothing by this action;

3    2.    That judgment be entered in favor of Defendant and against Plaintiff;

4    3.    That Defendant be awarded costs of suit herein; and

5    4.    For such other and further relief as the Court may deem just and proper.

6

7    Dated: June 11, 2009                         Respectfully submitted,

8                                                 MORRIS POLICH & PURDY LLP

9

10                                               By: _____

11                                                     Anthony G. Brazil
                                                       Diana Kotler
12
                                                 Attorneys for Defendant
13                                               EXACTECH, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L0176034

-11-

**EXACTECH, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT**

Exhibit 8 page 95

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Defendant EXACTECH, INC. hereby demands trial of this matter by jury. |
| 3 | |
| 4 | Dated: June 11, 2009 |

Respectfully submitted,

MORRIS POLICH & PURDY LLP

By: _____
Anthony G. Brazil
Diana Kotler

Attorneys for Defendant
EXACTECH, INC.

## PROOF OF SERVICE

*Robin Meredith v. Link America, Inc., et al.*
Los Angeles County Superior Court
Case No. BC 410598

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On June 11, 2009, I served the foregoing document, described as **"EXACTECH, INC.'S ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT"** on the interested parties in this action by placing ☐ the original ☒ a true copy of enclosed in separate sealed envelopes to the following addresses:

Robert Lindsey Duzen, Esq.
LAW OFFICES OF ROBERT LINDSEY DUZEY, APC
1439 West Chapman Avenue, Suite 350
Orange, CA 92868
Tel: (714) 744-2700 / Fax: (714) 744-2705
*Attorneys for Plaintiff, ROBIN MEREDITH*

☒ **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am "readily familiar" with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion·of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date stated in this Proof of Service.

☐ **BY OVERNIGHT MAIL**  I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile from (213) 488-1178 to the parties as listed on this Proof of Service. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on June 11, 2009, at Los Angeles, California.

_____
**Mineeh P. Lapid**

L0173883

**Exhibit 8 page 97**

# COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 12 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

1  Sonja S. Weissman, Esq. (SBN 154320)
   REED SMITH LLP
2  1999 Harrison Street, Suite 2400
   Oakland, CA 94612-3572
3  Telephone:   +1 510 763 2000
   Facsimile:   +1 510 273 8832
4
   Eric J. Buhr, Esq. (SBN 217528)
5  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
6  Los Angeles, CA 90071-1514
   Telephone:   +1 213 457 8000
7  Facsimile:   +1 213 457 8080

8  Attorneys for Defendants
   Zimmer Holdings, Inc. and Zimmer, Inc.
9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF LOS ANGELES

12  ROBIN MEREDITH,                    Case No. BC410598

13.            Plaintiff,              **DEFENDANTS ZIMMER, INC., AND**
                                       **ZIMMER HOLDINGS, INC.'S ANSWER**
14      vs.                            **AND AFFIRMATIVE DEFENSES TO**
                                       **PLAINTIFF'S FIRST AMENDED**
15  LINK AMERICA, INC., a corporation, WRIGHT   **COMPLAINT FOR DAMAGES**
    MEDICAL TECHNOLOGY, INC., a corporation,
16  EXACTECH, INC., a corporation, WALDEMAR     First Amended
    LINK GmbH & CO., KG, d/b/a LINKBIO            Complaint Filed:   May 6, 2009
17  CORP., a corporation, ZIMMER, INC., a       Trial Date:         TBD
    corporation, ZIMMER HOLDINGS, INC., a       Discovery Cut-Off:  TBD
18  corporation, and DOES 1-100, inclusive.
                                       Honorable Teresa Sanchez-Gordon – Dept. 74
19             Defendants.

20

21          Defendants Zimmer, Inc., and Zimmer Holdings, Inc. (collectively, "Zimmer"), hereby

22  respond to the First Amended Complaint For Damages ("Amended Complaint") filed by the

23  plaintiff, Robin Meredith ("Plaintiff"), as follows:

24                           **GENERAL DENIAL**

25          1.      Pursuant to the provisions of Code Of Civil Procedure § 431.30(d), Zimmer generally

26  and specifically denies each, every, and all of the allegations in the Amended Complaint to the

27  extent that the allegations refer to Zimmer, the whole thereof, and each and every alleged cause of

28  action thereof that is directed to Zimmer, and further denies any and all wrongful conduct on

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

1  Zimmer's part, whether alleged or otherwise, and further denies that Plaintiff sustained damages in

2  the sum or sums alleged, or in any other sum or sums, or at all.

3        2.      Zimmer further denies that Plaintiff's alleged damages resulted from, or were in any

4  way connected with, any act, omission, fault, conduct, or liability on the part of Zimmer whether

5  negligent, careless, reckless, unlawful, or of any nature alleged or otherwise, and denies that

6  Zimmer's conduct was in any way negligent, careless, reckless, wrongful or unlawful.

7  ## AFFIRMATIVE DEFENSES

8  ## FIRST AFFIRMATIVE DEFENSE

9        As a first affirmative defense to each cause of action in the Amended Complaint, Zimmer

10  contends that the Amended Complaint does not state facts sufficient to constitute a cause of action

11  against Zimmer.

12  ## SECOND AFFIRMATIVE DEFENSE

13        As a second affirmative defense to each cause of action in the Amended Complaint, Zimmer

14  alleges that the State of California's judicially created definitions of manufacturing defect and design

15  defect and standards for determining whether there has been an actionable failure to warn are

16  unconstitutional in that, among other things, they are void for vagueness and place an undue burden

17  upon interstate commerce, as well as constitute an impermissible effort to regulate in an area that has

18  previously been preempted by the federal government.

19  ## THIRD AFFIRMATIVE DEFENSE

20        As a third affirmative defense to each cause of action in the Amended Complaint, Zimmer

21  alleges that Plaintiff cannot recover under the Complaint because Zimmer complied with all

22  applicable codes, standards, regulations, or specifications established, adopted, promulgated, or

23  approved by the United States, State of California, or by an agency of the United States or State of

24  California.

25  ## FOURTH AFFIRMATIVE DEFENSE

26        As a fourth affirmative defense to each cause of action in the Amended Complaint, Zimmer

27  alleges that Plaintiff's claims may be barred, in whole or in part, by the doctrine of federal

28  preemption.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-101777876.3

ZIMMER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Exhibit 8 page 99

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense to each cause of action in the Amended Complaint, Zimmer alleges that Plaintiff's claims are barred, in whole or in part, because there is no privity between Plaintiff and Zimmer and because Plaintiff failed to give timely notice of any breach of warranty alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense to each cause of action in the Amended Complaint, Zimmer alleges that it made no express or implied warranty to Plaintiff at any time thus any causes of action based on express or implied warranty must be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense to each cause of action in the Amended Complaint, Zimmer alleges that Plaintiff did not rely on any alleged express or implied warranty.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense to each cause of action in the Amended Complaint, Zimmer alleges that Plaintiff did not rely on any alleged misrepresentation.

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense to each cause of action in the Amended Complaint, Zimmer alleges that the medical device that Plaintiff alleges caused harm to her was properly designed and manufactured and was accompanied by adequate warnings to physicians of all risks that were known or reasonably and scientifically able to be known at the time of distribution, and thus Zimmer cannot be held liable for any of the injuries or damages alleged in the Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense to each cause of action in the Amended Complaint, Zimmer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all warnings and appropriate information be given to the prescribing physician. The medical professional acts as a "learned intermediary" in determining the use of the product. To the extent that Plaintiff asserts that Zimmer failed to provide adequate warnings regarding the use of the device, any obligation to

Exhibit 8 page 100

1   warn was discharged by Zimmer providing an adequate warning to Plaintiff's treating and

2   prescribing physician.  Plaintiff's claims are also barred by the Sophisticated User Doctrine or

3   similar applicable laws.

### ELEVENTH AFFIRMATIVE DEFENSE

5       As an eleventh affirmative defense to each cause of action in the Amended Complaint,

6   Zimmer states that if Plaintiff sustained injuries attributable to her use of any product manufactured

7   or distributed as alleged in Plaintiff's Amended Complaint, which allegations are expressly denied,

8   the injuries were proximately caused by the actions of other persons and the independent knowledge

9   and awareness of the other persons of the risk inherent in the use of the product, and the knowledge

10  of the inherent risks in the use of the product constitutes an intervening cause between the Plaintiff's

11  alleged injuries or losses, and any alleged acts, conduct, or omissions of Zimmer.

### TWELFTH AFFIRMATIVE DEFENSE

13      As a twelfth affirmative defense to each cause of action in the Amended Complaint, Zimmer

14  contends that the provisions of California Civil Code, Section 1431.2 (Proposition 51), are

15  applicable to the Amended Complaint and each cause of action therein.

### THIRTEENTH AFFIRMATIVE DEFENSE

17      As a thirteenth affirmative defense to each cause of action in the Amended Complaint,

18  Zimmer states that if Plaintiff sustained any of the injuries, losses, and damages set forth in the

19  Amended Complaint, then the injuries, losses, and damages were directly and proximately caused by

20  the acts or omissions of Plaintiff, other parties to this suit, and/or other third parties over whose

21  conduct Zimmer had no control and no right to control, for whose conduct Zimmer is not

22  responsible, and with whom Zimmer had no legal relation.  Zimmer therefore requests that in any

23  finding of any liability in favor of Plaintiff or settlement through a judgment against Zimmer, an

24  apportionment of fault be made among all parties, as permitted by Li v. Yellow Cab Company, 13

25  Cal. 3d 804 (1975), and American Motorcycle Assoc. v. Superior Court, 20 Cal. 3d 578 (1987), by

26  the court or jury.  Zimmer further requests a judgment and declaration of partial indemnification and

27  contribution against all other parties or persons in accordance with the apportionment of fault.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–4–

ZIMMER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Exhibit 8 page 101

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense to each cause of action in the Amended Complaint, Zimmer contends that the Amended Complaint is barred by any and all applicable statutes of limitations, including but not limited to, Section 335.1 of the Code Of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense to each cause of action in the Amended Complaint, Zimmer states that if Plaintiff sustained any of the injuries, losses, and damages set forth in the Amended Complaint, then the injuries, losses, and damages were directly and proximately caused by the failure of Plaintiff to exercise due care and diligence to avoid the injuries, losses, and damages, and to mitigate the alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth affirmative defense to each cause of action in the Amended Complaint, Zimmer contends that Plaintiff's action is barred by the provisions of "comment k" and "comment j" of the Restatement (Second) Of Torts, Section 402(A), and California case law upholding and applying those provisions, as well as the provisions of the Restatement (Third) Of Torts. The benefits of the devices outweigh the risks, if any, that may be attendant to their use. The devices are therefore neither defective nor unreasonably dangerous when properly prepared and accompanied by proper warnings and instruction for use.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth affirmative defense to each cause of action in the Amended Complaint, Zimmer states that Plaintiff's claims are barred because the methods, standards, and techniques utilized in formulating and manufacturing the product in question and in issuing warnings and instructions with respect to its use were in conformity with the generally recognized, reasonably available, and reliable state of knowledge and state of the art for design and manufacture of such or similar products.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth affirmative defense to each cause of action in the Amended Complaint, Zimmer alleges that upon information and belief, Plaintiff was fully aware of and informed about the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  nature of the medical device and the risks and possible adverse effects pertaining to the surgical

2  procedure performed upon her and use of the medical device during that surgery, and all injuries,

3  damages, or losses, if any, that Plaintiff sustained arose from and were caused by risks of which

4  Plaintiff was aware. Plaintiff accepted and assumed all the risks. Accordingly, Plaintiff's claims are

5  barred, in whole or in part, by principles of assumption of the risk and informed consent.

### NINETEENTH AFFIRMATIVE DEFENSE

7  As a nineteenth affirmative defense to each cause of action in the Amended Complaint,

8  Zimmer contends that Plaintiff's claims are barred, in whole or in part, by the deference that the

9  common law gives to discretionary action by the Food And Drug Administration (the "FDA") under

10  the Food, Drug And Cosmetic Act, and the Medical Device Amendments thereto, and Zimmer

11  further alleges that there is no private right of action for Plaintiff's claims under the Food, Drug And

12  Cosmetic Act.

### TWENTIETH AFFIRMATIVE DEFENSE

14  As a twentieth affirmative defense to each cause of action in the Amended Complaint,

15  Zimmer contends that if Plaintiff sustained any of the injuries, losses, and damages as set forth in the

16  Amended Complaint, then the alleged injuries, losses, and damages were caused by Plaintiff's pre-

17  existing medical conditions, subsequent medical conditions, by an idiosyncratic reaction, and/or

18  natural course of conditions and not from any act or omission on the part of Zimmer.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

20  As a twenty-first affirmative defense to each cause of action in the Amended Complaint,

21  Zimmer contends that if Plaintiff sustained any of the injuries, losses, and damages set forth in the

22  Amended Complaint, there was an intervening and/or superseding cause leading to the alleged

23  injuries, losses, and damages and, as such, any action on the part of Zimmer was not a substantial

24  factor in bringing about Plaintiff's alleged injuries.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

26  As a twenty-second affirmative defense to each cause of action in the Amended Complaint,

27  Zimmer states that if Plaintiff sustained injuries attributable to her use of any product manufactured

28  or distributed as alleged in Plaintiff's Amended Complaint, which allegations are expressly denied,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–6–

1   the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and

2   inappropriate purpose, improper or negligent use of the product, and/or abuse of the product.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

4   As a twenty-third affirmative defense to each cause of action in the Amended Complaint,

5   while denying any and all Plaintiff's claims, Zimmer states that no act or omission of Zimmer was a

6   substantial factor in bringing about Plaintiff's alleged injuries, losses, and damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

8   As a twenty-fourth affirmative defense to each cause of action in the Amended Complaint,

9   Zimmer alleges that Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third)

10  Of Torts:  Products Liability.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

12  As a twenty-fifth affirmative defense to each cause of action in the Amended Complaint,

13  Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of primary jurisdiction,

14  because the FDA is charged with medical devices and is specifically charged with determining the

15  content of the warnings and labeling for medical devices.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

17  As a twenty-sixth affirmative defense to each cause of action in the Amended Complaint,

18  Zimmer alleges that it is entitled to the benefit of all defenses and presumptions contained in, or

19  arising from, the rule of law and statutes of the State of California.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21  As a twenty-seventh affirmative defense to each cause of action in the Amended Complaint,

22  Zimmer gives notice that it intends to rely upon all other affirmative defenses as may become

23  available or apparent during the course of discovery or other proceedings and, thus, reserves the

24  right to amend this answer to assert the other defenses to which it may be entitled.

25

26  WHEREFORE, Zimmer respectfully requests that the Court deny the relief requested by

27  Plaintiff; that judgment be entered in Zimmer's favor and against Plaintiff, dismissing Plaintiff's

28

**Exhibit 8 page 104**

US_ACTIVE-101777876.3

ZIMMER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Complaint on the merits with prejudice; that Zimmer be awarded its costs; and that the Court award

2  such other and further relief in favor of Zimmer as it deems equitable and just.

3

4  DATED:  June *12*, 2009.

5

6                                          REED SMITH LLP

7                               By_____

8                                          Sonja S. Weissman
                                           Eric J. Buhr
9                                          Attorneys for Defendants
                                           Zimmer Holdings, Inc. and Zimmer, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US_ACTIVE-101777876.3

ZIMMER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**Exhibit 8 page 105**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 12, 2009, I served the following document(s) by the method indicated below:

**DEFENDANTS ZIMMER, INC., AND ZIMMER HOLDINGS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT FOR DAMAGES**

☐   by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐   by transmitting via email to the parties at the email addresses listed below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 12, 2009, at Los Angeles, California.

Arleen A. Swenson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

**SERVICE LIST**
*Meredith v. Link America, Inc., et al.*
LASC Case No. BC410598

3

Robert Lindsey Duzey
LAW OFFICES OF ROBERT LINDSEY
DUZEY, APC
1439 Chapman Avenue
Suite 350
Orange, CA 92868
Telephone:   (714) 744-2700
Facsimile:   (714) 744-2705

David J. Lederer
LEDERER & NOJIMA, LLP
12400 Wilshire Blvd.
Suite 820
Los Angeles, CA 90025
Telephone:   (310) 312-1860
Facsimile:   310) 477-3481

4

5

6

7

8

*Attorneys for Plaintiff*

*Attorneys for Plaintiff*

9

Anthony G. Brazil
Diana Kotler
MORRIS POLICH & PURDY LLP
1055 W. Seventh Street
24th Floor
Los Angeles, CA 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Brian Mooney
Edward R. Fitzgerald
GORDON & REES LLP
275 Battery Street
Suite 2000
San Francisco, CA 94111
Telephone:   (415) 986-5900
Facsimile:   (415) 986-8054

10

11

12

13

14

*Attorneys for Exactech, Inc.*

*Attorneys for Wright Medical Technology, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-101769958.1
PROOF OF SERVICE